Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Krohn & Moss, Ltd.
1112 Ocean Drive, Third Floor
Manhattan Beach, CA 90266
Tel: (323) 988-2400
Fax: (866) 861-1390
Attorney for TARLA MAKAEFF

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| TARLA MAKAEFF, | ) |
| | ) |
| | ) **Case No.:** |
| Plaintiff, | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| | ) |
| CREDITORS SPECIALTY SERVICE, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

TARLA MAKAEFF (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against CREDITORS SPECIALTY SERVICE, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and attorneys.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

6. Venue is proper pursuant to *28 U.S.C. § 1391(b)(2)*.

## PARTIES

7. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*

9. Defendant a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff

10. Defendant is a business entity with a principal place of business in Acton, Los Angeles County, California.

## FACTUAL ALLEGATIONS

11. In or around 2015, Defendant began constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Plaintiff does not owe the debt that Defendant is attempting to collect.

13. Defendant places collection calls from telephone numbers, including, but not limited to, 661-269-0100 and 661-269-0180.

14. On November 3, 2015 Defendant placed six (6) collection calls at 8:35 a.m, 8:38 a.m., 8:49 a.m., 9:02 a.m., 9:03 a.m. and 9:10 a.m. to Plaintiff's cellular telephone at phone

- 2 -

number 310-890-0877 and one (1) collection call at 9:07 a.m. to Plaintiff's work telephone in an attempt to collect a debt.

15. Defendant's representative "Tim Fuller" left a message during the 8:38 a.m. call in which he stated:

> [t]his is Tim Fuller. I'm with the legal department and this is in regards to a civil lawsuit that is being filed here against you with our office. If you'd like to get this stopped right away and avoid the court fees, today would be the day to call us back, we'll get this off your credit right away and release you from your claim.

16. Defendant's representative "Tim Fuller" left a message during the 9:07 call in which he stated:

> [t]his is Tim Fuller here with the legal department in regards to the civil lawsuit that's being filed against you. We will be setting up a sheriff withholding order that will allow Home Design to get some of their money back for the services they helped you with back on July 5, 2015. You or an attorney might want to give us a call back to get this stopped so it does not affect your business once we take civil judgment in regards to the civil lawsuit and the sheriff withholding that we're setting up through you garnishment withholding order through your new company.

17. The debt to which Defendant's representative referred was paid off by Plaintiff's homeowners' insurance company.

18. Defendant also contacted Plaintiff's insurance company and discussed the debt with the company by disclosing that a lawsuit had been filed and attempting to collect from the company and misrepresenting Plaintiff by stating that she directed Defendant to call the insurance company.

19. Defendant also threatened Plaintiff with a lien on her grandmother's house and adverse action on her credit reports that day if she did not pay the alleged debt.

20. On November 7 at 8:55 a.m., Defendant's representative "Tim Fuller" left a voicemail on Plaintiff's cellular telephone stating "my manager would like to talk to you to get this stopped from having to be heard in court."

21. On November 9 at 6:42 p.m., Defendant's representative "Tim Fuller" left a voicemail on

PLAINTIFF'S COMPLAINT

Plaintiff's cellular telephone stating "in regards to the filing here with the small claims, it's allowing the lien on the property."

22. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

23. Defendant is representing themselves to be attorneys in their communications with Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(b)* by communicating information about a debt with a third party;

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt;

    c. Defendant violated *§1692d(6)* of the FDCPA by placing collection calls to Plaintiff without meaningful disclosure of the caller's identity;

    d. Defendant violated *§1692e* of the FDCPA by representing to the Plaintiff that without full payment to the Defendant a lien would be placed on her grandmother's home when Defendant had no such authority or power to do so;

    e. Defendant violated *§1692e(3)* of the FDCPA by making the false representation or implication that communications with Plaintiff were from an attorney;

    f. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken;

    g. Defendant violated *§1692e(11)* of the by failing to disclose in its communications

PLAINTIFF'S COMPLAINT

with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff, TARLA MAKAEFF, respectfully requests judgment be entered against Defendant, CREDITORS SPECIALTY SERVICE, INC., for the following:

25. Statutory damages of $1,000.00  pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

27. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

29. Defendant violated the RFDCPA based on the following:

    h. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff; AND

    i. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*, as set forth in paragraph 15 above.

WHEREFORE, Plaintiff, TARLA MAKAEFF, respectfully requests judgment be entered against Defendant, CREDITORS SPECIALTY SERVICE, INC., for the following:

30. Statutory damages of $1,000.00  pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

31. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code § 1788.30(c)*, and

32. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TARLA MAKAEFF, demands a jury trial in this cause of action.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

DATED:  January 12, 2016

KROHN & MOSS, LTD.


By: /s/ Ryan Lee
Ryan Lee
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

PLAINTIFF'S COMPLAINT